DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Derrick A. Bradford has appealed from an order of the Lorain County Common Pleas Court that denied his petition for postconviction relief. He has argued that: (1) his trial counsel was ineffective for failing to challenge, at a suppression hearing, the propriety of the traffic stop during which incriminating evidence was found; (2) his trial counsel was ineffective for failing to protect his right to a speedy trial; (3) his waiver of his right to a jury trial was not in compliance with Section 2945.05 of the Ohio Revised Code; and (4) the trial court incorrectly denied his petition without an evidentiary hearing. This Court affirms the judgment of the trial court in part because: (1) defendant has failed to show that he was prejudiced by the failure of his trial counsel to challenge the propriety of the traffic stop; (2) he did not preserve his challenge of the alleged violation of his right to a speedy trial; and (3) the alleged failure of his jury trial waiver to comply with Section 2945.05 of the Ohio Revised Code was barred by resjudicata. This Court reverses the judgment of the trial court in part, however, because defendant was entitled to an evidentiary hearing on one of his claims.
 I.
On March 26, 1993, defendant was a passenger in an automobile that was stopped for speeding. The officer involved, noticing that the driver appeared to be concealing something in his waistband, conducted a patdown of the driver, felt what he thought was a weapon, and found a plastic bag containing chunks of cocaine. The officer searched the vehicle for contraband, discovered two kilograms of cocaine, and was told by the driver that it belonged to defendant. Defendant was indicted on two counts of aggravated drug trafficking, violations of Section2925.03(A)(9) of the Ohio Revised Code, and one count of possession of criminal tools, a violation of Section 2923.24(A) of the Ohio Revised Code. He moved for suppression of the evidence obtained during the vehicle search, arguing that the search was unconstitutional. Following a hearing, the trial court denied his motion. One count of aggravated drug trafficking was dismissed and, after a trial to the court, defendant was convicted of the remaining two counts against him. He appealed to this Court, which affirmed his convictions. See State v. Bradford (July 27, 1994), Lorain App. No. 93CA005759, unreported. On September 4, 1996, defendant filed a petition for postconviction relief, alleging ineffective assistance of trial counsel and requesting an evidentiary hearing. On May 20, 1997, the trial court denied his petition without a hearing. Defendant timely appealed to this Court.
 II. A.
Defendant's first assignment of error is that his trial counsel was ineffective for failing to challenge, at a suppression hearing, the propriety of the traffic stop during which incriminating evidence was found.[1] An attorney's performance is ineffective only if it falls below an objective standard of reasonable representation and results in prejudice to the defendant. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. To show prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus.
According to defendant, the officer lacked probable cause to stop the vehicle that was eventually searched because the officer was using a traffic stop as a pretext for a "drug investigation." Defendant has based his assertion that the stop was pretextual on the fact that the officer "never produced a radar unit visual establishing that the vehicle was in fact traveling at a speed of 64 in a posted 55 mile per hour zone," and that the officer "never issued a speeding citation." At the hearing, the officer testified that he stopped the vehicle because he "clocked" it with radar equipment as traveling 64 miles per hour in a 55-mile-per-hour zone. Given this testimony, defendant has not shown a reasonable probability that the court would have found that the officer was not justified in stopping the vehicle. Although this Court is not aware of any cases prior to defendant's suppression hearing in which it had explicitly addressed the issue of what constitutes an invalid pretextual traffic stop, it did announce a rule shortly thereafter in two 1994 opinions, in which it held that a stop is not invalid if an officer has specific and articulable reasons to believe the driver is violating any law. See State v. Shook (June 15, 1994), Lorain App. No. 93CA005716, unreported, 1994 Ohio App. LEXIS 2631, at *5, and State v. Hunt
(Dec. 7, 1994), Lorain App. No. 94CA005795, unreported, 1994 Ohio App. LEXIS 5548, at *4-5. This Court has not deviated from that position. See, e.g., State v. Calhoun (May 3, 1995), Lorain App. No. 94CA005824, unreported, at 4-6; State v. Carlson (1995),102 Ohio App.3d 585, 593; State v. Yelling (Jan. 17, 1996), Summit App. No. 17328, unreported, at 4-6; and State v. Orr (Apr. 3, 1996), Summit App. No. 17367, unreported, at 3-5.[2]
Defendant, therefore, has not demonstrated a reasonable probability that, had his attorney challenged the propriety of the stop, the result of his trial would have been different. Even if the trial court had granted his motion to suppress, it is reasonably probable that it would have been appealed to this Court and overturned. Defendant's first assignment of error is overruled.
 B.
Defendant's second assignment of error is that his trial counsel was ineffective for failing to protect his right to a speedy trial. Pursuant to Section 2945.71(C)(2) of the Ohio Revised Code, "[a] person against whom a charge of a felony is pending shall be brought to trial within two hundred seventy days after his arrest." Section 2945.71(E) of the Ohio Revised Code provides that each day of incarceration on the pending charge is to be counted as three days for purposes of computing the time for a speedy trial. Defendant was incarcerated during the entire time between his arrest and his trial. Defendant, therefore, was required to have been brought to trial within 90 actual days after his arrest.
In his petition, defendant argued that he was brought to trial 215 actual days after he was arrested, which violated his right to a speedy trial because that period was longer than 90 actual days (one-third of 270 counted days). The trial court concluded that defendant was tried the equivalent of 261 counted days (87 actual days) after arrest, and gave a detailed explanation of how it took into account delays and extensions of time that tolled the time for a speedy trial. On appeal, defendant has argued that this calculation was correct except for one eight-day period, which the trial court did not count toward the time but which he has counted because his attorney filed a motion to continue the trial for eight days without obtaining his signature, which motion was granted. Accordingly, defendant has asserted, that continuance did not toll the time for speedy trial. Because he was incarcerated, the eight days counted as 24 days, which explains the 24-day difference between the trial court's calculation of the number of days before he was brought to trial (261 days) and defendant's calculation (285 days).
Defendant, in his petition to the trial court, did not expressly argue that the eight-day period in question was not chargeable to him because his attorney sought the continuance without obtaining his signature or consent. Instead, he addressed the issue as follows:
 Appellant never signed a continuance nor did he request an extension of time. Since Ohio law tends to hold criminal defendants accountable for continuances taken by their attorneys even if it was done without the defendant's consent. Therefore, when computing the days the defendant will not credit the days taken by his attorney. However, it should be noted that as of 1991 the mcourt has stated that continuances are invalid unless they have the defendant's signature. (OHIO RULES OF COURT RULE 79.)
[Adopted effective July 1, 1991.]
 This indicated that he was not contesting that delays requested by his attorney were chargeable to him. On appeal, however, he has argued that the eight-day continuance should not have been charged to him because his signature was not obtained as required by "Ohio Rules of Court Rule 79.01."[3]
Because defendant did not make this argument to the trial court, and even explicitly declined to pursue such an argument there, he may not pursue it on appeal. See State v. Bandell (Apr. 9, 1997), Lorain App. No. 96CA006524, unreported, at 3, citing Lippy v. Soc. Natl. Bank (1993), 88 Ohio App.3d 33, 40. Defendant, therefore, has not shown that his attorney's performance was deficient. His second assignment of error is overruled.
 C.
Defendant's third assignment of error is that his waiver of his right to a jury trial was not in compliance with Section2945.05 of the Ohio Revised Code. That section sets out specific procedural requirements for waiving a jury trial in a criminal case. Defendant has argued that, because his waiver was not made in open court and because the signed waiver form did not show that he understood that a single judge would decide his case, as mandated by the statute, the trial court was without jurisdiction to try him.
Unlike the first two assignments of error, this one does not allege ineffective assistance of counsel and, therefore, could have been raised on direct appeal from defendant's convictions.[4] As such, it is barred by the doctrine of resjudicata and is not properly raised here. See State v. Reynolds
(1997), 79 Ohio St.3d 158, 161, citing State v. Perry (1967),10 Ohio St.2d 175, paragraph nine of the syllabus. In addition, the Ohio Supreme Court has held that "failure to comply with [Section2945.05 of the Ohio Revised Code] may be remedied only in a direct appeal from a criminal conviction." See State v. Pless (1996),74 Ohio St.3d 333, paragraph two of the syllabus. Defendant's third assignment of error is overruled.
 D.
Defendant's fourth assignment of error is that the trial court incorrectly denied his petition without an evidentiary hearing. Pursuant to Section 2953.21(E) of the Ohio Revised Code, a trial court shall conduct a hearing on a petition for postconviction relief "[u]nless the petition and the files and records of the case show the petitioner is not entitled to relief." To obtain a hearing, a defendant bears the initial burden of submitting evidentiary documents containing sufficient operative facts that, if proven, would demonstrate entitlement to relief. See State v. Jackson (1980), 64 Ohio St.2d 107, 111. Defendant has argued that he did submit such documents, citing the attachment of parts of the trial and hearing transcripts, a copy of the motion for continuance filed by his trial counsel, and a verification page that made his petition "an affidavit for purposes of evidentiary documentation." No transcript pages, however, were attached to defendant's petition. Regardless of that, submission of evidentiary documents is not sufficient to warrant a hearing unless the operative facts in those documents demonstrate the alleged constitutional violations.
With the exception of one of his claims, defendant's petition, files, and record showed that he was not entitled to relief. First, those documents showed no prejudice from defendant's attorney's alleged failure to challenge the propriety of the traffic stop. Second, his argument to the trial court regarding the speedy trial issue was, essentially, that 215 days was more than 90 days, which failed to demonstrate ineffective assistance of counsel. The trial court responded with a detailed account of which delays tolled the time for trial and rendered the total days before trial the equivalent of 261 out of a possible 270 days allowed. Third, as pointed out above, any arguments regarding noncompliance with Section 2945.05 of the Ohio Revised Code were not remediable in postconviction relief proceedings, and any ineffectiveness of his attorney in the filing of his brief on direct appeal was also not properly raised in a postconviction relief proceeding.
Defendant's argument concerning his attorney's allegedly allowing him to sign the waiver form without explaining the right he was waiving, however, was supported with documents containing sufficient operative facts which, if proven, would entitle him to relief. Defendant alleged the following in his petition/affidavit:
 In the case before the court, on October 5, 1993 the defendant was scheduled for jury trial, upon arriving in the court room it was empty the defendant's counsel [proceeded] to the back room and came out with a form in which the defendant signed and counsel returned the form to the back room and the defendant was returned to the county jail. The defendant is contending that the trial court record is devoid of any evidence that he had been advised of his right to trial by jury aside from a jury trial waiver form which the defendant had signed.
* * *
 Counsel was ineffective when he allowed the defendant to sign the waiver form without informing the defendant to the right in which he was signing away * * *.
* * *
The defendant is contending that counsel was ineffective when he failed to inform the defendant of the right in which he was signing away, and there is no evidence in the record that the defendant had in fact been informed by trial counsel nor the trial judge. Thus making the signed waiver of jury trial invalid.
 The form, which was a combined continuance order and waiver of jury trial, read as follows: "By agreement of the parties, trial reset for 10-19-93 at 9:00 a.m. Defendant hereby waives his right to a trial by jury and requests that this matter be tried to the court." It was signed by the prosecutor, defense counsel, defendant, and the judge, and was filed October 6, 1993.
An attorney's performance is ineffective only if it falls below an objective standard of reasonableness and results in prejudice to the defendant. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. To support a claim of ineffective assistance of counsel, a defendant must show that his attorney's performance was so deficient that he was deprived of a fair trial. State v. Brooks (1996), 75 Ohio St.3d 148, 157. An attorney's performance is deficient when he violates an essential duty to his client. State v. Bradley, supra, at 141. Defendant had a constitutional right to a trial by jury, guaranteed by theSixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. If his attorney did, in fact, present him with a jury waiver form and ask him to sign it, never having explained the significance of the waiver, his performance was deficient and prejudicial to the defendant, absent anything in the record to establish that the defendant understood the meaning of the waiver.
Nothing in the record indicated that defendant was informed of, or questioned about, the significance of the waiver. The waiver statement itself, as defendant pointed out, did not expressly indicate that a single judge would decide his case, and this Court cannot conclude that the words "tried to the court" are commonly understood by laypersons to mean "decided by one judge." The State's response to the petition pointed to nothing in the record that demonstrated that defendant understood, or ever represented that he understood, the meaning of his waiver of a jury trial. Finally, the trial transcript contains no discussion whatsoever of the issue of a jury trial or the waiver thereof. The record is silent. It cannot be concluded, therefore, that, despite any alleged failure of his attorney to explain the waiver to him, there was no resulting prejudice.
Defendant's detailed account of his attorney's failure to explain the consequences of the waiver, based on facts within his knowledge, sworn to by him and unrebutted by anything in the record, was sufficient to warrant an evidentiary hearing on his petition. See, e.g., State v. Smoot (July 18, 1997), Clark App. No. 96-CA-107, unreported, 1997 Ohio App. LEXIS 3426, at *8-11;State v. Archer (Nov. 3, 1997), Muskingum App. No. CT97-0007, unreported, 1997 Ohio App. LEXIS 5351, at *8; State v. Hoskins
(Jan. 30, 1998), Clark App. No. 97 CA 39, unreported, 1998 Ohio App. LEXIS 228, at *6-11; and State v. Akers (Feb. 2, 1998), Lawrence App. No. 97 CA 22, unreported, 1998 Ohio App. LEXIS 555, at *11-14. This matter, therefore, is remanded for an evidentiary hearing on the issue of his attorney's alleged failure to adequately explain the consequences of defendant's waiver of his right to a trial by jury. Defendant's fourth assignment of error is sustained in part and overruled in part.
 III.
Defendant's first three assignments of error are overruled, and his fourth assignment of error is sustained in part and overruled in part. The judgment of the trial court is affirmed in part and reversed in part, and this cause is remanded for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part,and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to both parties equally.
 Exceptions. _________________________________ CLAIR E. DICKINSON
FOR THE COURT
SLABY, P. J.
CONCURS
[1] In addition, defendant has asserted that his trial counsel's ineffectiveness also consisted of his waiver of opening argument at the suppression hearing, his participation in the introduction of false, fraudulent, or perjured testimony by the officer, and his failure to object to direct examination questions and to cross-examine the officer at the suppression hearing. They are all related to his basic argument, however, which is that the impropriety of the traffic stop should have prevented his convictions, and this Court's disposition of that argument also disposes of these related assertions. In addition, he has provided so little support for these assertions that they cannot be addressed separately.
[2] This issue was subsequently settled for all of Ohio in 1996. The Ohio Supreme Court held that, "[w]here a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution * * *." Dayton v. Erickson (1996), 76 Ohio St.3d 3, syllabus. Neither does it violate the prohibition against unreasonable searches and seizures found in Section 14, Article I of the Ohio Constitution. Id. at 11.
[3] This Court is not aware of any set of rules by that title. Based on his reproduction of the text of that rule in his brief, however, it appears that he has cited a rule from the Local Rules of the Franklin County Common Pleas Court, General Division. That rule is numbered 79.01, it was effective July 1, 1991, and its text is the same as that in defendant's brief. Furthermore, it can be found in an annual publication of various sets of Ohio court rules, entitled OhioRules of Court. Assuming, without concluding, that this rule would have required his signature for a valid, chargeable continuance in Franklin County, it did not apply to proceedings in the Lorain County Common Pleas Court.
[4] Although defendant, in his petition to the trial court, also argued that his attorney was ineffective at trial by allowing him to sign the waiver form without adequately explaining the right he was waiving, and ineffective on appeal for not arguing that his waiver was invalid, defendant has not made any arguments concerning ineffectiveness of counsel to this Court under this assignment of error. At any rate, claims of ineffective appellate counsel are not cognizable in postconviction relief proceedings. See State v. Murnahan
(1992), 63 Ohio St.3d 60, paragraph one of the syllabus.